[No. 20193. Department One. April 18, 1927.]

W. W. SHEANE AUTO COMPANY, *Respondent*, v. C. E. WILLIAMS *et al.*, *Appellants.*[1]

[1] JURY (4)—RIGHT TO JURY—EQUITABLE ACTIONS. It is not error to deny a jury trial in an action commenced as an action at law upon a contract, where a defense was interposed asking for reformation of the contract.

[2] SALES (128)—ACTION FOR PRICE—SETOFF. Evidence of different prices for new cars of different models does not establish the difference in value of used cars of such different models.

[3] SAME (58)—RESCISSION BY BUYER—ESTOPPEL. Rescission for fraud in the sale of an automobile cannot be asserted where there was no tender of a return of the car, which was retained after discovery of the fraud.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered April 3, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

[1]Reported in 255 Pac. 147.

*Snively & Bounds* and *J. C. Hauschild,* for appellants.
*Frank J. Allen,* for respondent.

MAIN, J.—This action was brought to recover the balance due upon the purchase price of an automobile. The defendants counterclaimed, asserting that they had been defrauded in the transaction. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and judgment sustaining a recovery in the sum of $592.58, together with interest. The defendants appeal.

On April 9, 1921, the respondent, a corporation, sold to the appellants a Stephens automobile which was at the time a used car. The purchase price was $1,642.58. As a first payment, respondent took in exchange an Oakland automobile, which the appellants then owned, at a value of $850. No payments were made on the contract after December 31, 1921. The present action was begun February 13, 1924. The counterclaim of the appellants alleged fraud in that the automobile was represented to them as a 1920 model at the time of its purchase, when in fact it was a 1919 model. In the second amended complaint, the respondent asked that the contract be reformed so as to state that the automobile sold was a 1919 model instead of a 1920.

[1] The appellants objected to a trial to the court and demanded a jury, which was denied them and this is claimed as error. The action as originally instituted was one at law and the defense thereto pleaded was a legal defense. In the second amended complaint, however, the allegation of mutual mistake as to the model of the car and the request for reformation of the contract made the action one of equitable cognizance. There was no error therefore in denying a trial by jury.

12—143 WASH.

[2] The appellants also claim that they were entitled to a greater amount of damages as an offset than was allowed them. The trial court found that the difference between the value of a used 1919 model and a 1920 model in similar condition would be at the time of the transaction two hundred dollars and reduced the balance due upon the contract to this extent and entered judgment accordingly. Upon the trial, the appellants introduced in evidence a page taken from the Chilton Automobile Directory which shows the price f. o. b. factory of a new Stephens automobile 1919 model to be $1,675 and the 1920 to be $2,400. But this evidence would not sustain a finding that the difference in value between used cars of the different models would be the same as in new cars. It is said in the appellant's brief that the evidence will not sustain the finding of the trial court that the difference in value between the 1919 and 1920 used model was two hundred dollars, but an examination of the statement of facts discloses that one witness testified to this effect.

[3] The appellants appear to make some contention that, after discovering the fraud, they had tendered back the car and that therefore they are entitled to recover back the purchase price or have returned to them the Oakland automobile. The evidence will not sustain this contention. The Stephens car had remained continuously in the possession of the appellants until the present action was instituted, when it was taken under attachment. The evidence further indicates that the appellants, after knowledge of the fraud that had been practiced upon them, ratified the contract.

It follows that the judgment must be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.